UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE ORR,<br>   Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH SOURCES, et. al.,<br>   Defendants | No. 21-3111 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendant Dr. Zorian Trusewych, Wexford Health Sources, and four Jane Doe nurses violated his Eighth Amendment rights at Western Illinois Correctional Center when they were deliberately indifferent to his serious medical condition.

Plaintiff first reported to the Healthcare Unit in June of 2019 describing "headaches on the left side of his head, dizziness, and nausea." (Comp, p. 6). A nurse gave Plaintiff ibuprofen and told him to drink water. Plaintiff returned on July 2, 2019 and he was again given ibuprofen.

Plaintiff first saw defendant Dr. Trusewych on July 9, 2019. The doctor diagnosed Plaintiff with jaw arteritis and provided naproxen. Plaintiff says the medication did not help and he continued to return to the Healthcare Unit throughout 2019 complaining of headaches, pain in his left ear, dizziness, and nausea. "Despite Plaintiff's continuous complains about the pain getting worse and the left side of my face feeling numb, the nurses nor Dr. Truseych did nothing but give me pain pills." (Comp., p. 6). On June 6, 2020, Plaintiff became very dizzy, and started vomiting and sweating profusely. Plaintiff also reported he could not hear out of his left ear.

Plaintiff was taken to an emergency room where he was diagnosed with an inner ear infection. Plaintiff was ultimately taken to an Ear, Nose, and Throat specialist who diagnosed Plaintiff with permanent hearing loss in his left ear.

Plaintiff has clearly alleged Defendant Dr. Truseych and the four nurses violated his Eighth Amendment rights when they were deliberately indifferent to Plaintiff's serious medical condition.[1] Plaintiff has adequately identified the four Jane Doe nurses in his complaint with the specific dates he met with them concerning his symptoms.

However, Plaintiff makes no mention of Wexford Health Sources beyond listing the corporation as a Defendant. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court

---

[1] Plaintiff has provided 45 pages of medical records with his complaint. However, the Court will only consider allegations articulated in the body of the complaint.

properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption). Therefore, the Court will dismiss Defendant Wexford.

Plaintiff has also filed a motion for appointment of counsel noting he has limited education. [5]. Plaintiff has no constitutional or statutory right to the appointment of counsel. In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

To consider Plaintiff's motion, the Court must first consider "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry" of whether Plaintiff is competent to litigate his claims. *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Plaintiff has not demonstrated he made any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. Therefore, his motion is denied with leave to renew. [5].

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Dr. Zorian Trusewych and four Jane Doe nurses violated his Eighth Amendment rights at Western Illinois Correctional Center when they were deliberately indifferent to his serious

medical condition, an ear infection and pain, from June of 2019 through June of 2020. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Wexford for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel with leave to renew, [5];  3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 23rd day of September, 2021.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE